```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZURU (SINGAPORE) PTE., LTD;
ZURU LLC;
ZURU INC.,

                Plaintiffs,

-against-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

                Defendant.

1:21-cv-09817-MKV

ORDER DENYING MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING AND DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

      This Order memorializes the Court's ruling at the December 7, 2021 preliminary injunction hearing on this matter.

      Shortly before the scheduled hearing on Plaintiff's preliminary injunction motion which was set in the Order issued on November 24, 2021, [ECF No. 15], Plaintiffs moved this Court to continue the preliminary injunction hearing and extend the temporary restraints the Court imposed on Defendants until the new hearing date. For the reasons stated on the record and for the following reason, the Court denies Plaintiffs' motion to continue the hearing and denies without prejudice the preliminary injunction motion.

## BACKGROUND

      On November 23, 2021, Plaintiffs moved this Court *ex parte* for a preliminary injunction and sought a restraining order to temporarily bar Defendants, merchants on online marketplace platforms, including Amazon, eBay, Joom, PayPal, Walmart, and Wish, from selling products

that allegedly infringe on Plaintiffs' BUNCH O BALLOONS trademark.[1] (Pl. Memorandum of Law in Support of Ex Parte Application for Entry of an Order to Show Cause ("Pl. Br.") [ECF No. 6]). On November 24, 2021 at 9:30 AM, this Court issued a temporary restraining and an Order to Show Cause with respect to the preliminary injunction motion. [ECF No. 15]. That Order (1) temporarily restrained Defendants from infringing on Plaintiffs' trademarks and copyrights; (2) directed the online marketplace platforms to disable and cease providing services to any user accounts through which Defendants sell the allegedly counterfeit products; (3) temporarily restrained the assets of the Defendant user accounts; (4) authorized expedited discovery of the online marketplaces with respect to information on the Defendant user accounts; (5) authorized alternative service via email; and (6) provided that Plaintiff shall deposit a security bond of $5,000. [ECF No. 15]. The Order also scheduled a hearing on Plaintiff's motion for a preliminary injunction for December 7, 2021. [ECF No. 15].

On December 5, 2021, Plaintiffs requested a seven-day adjournment of the preliminary injunction hearing and an extension of the restraining order until the new hearing date. [ECF No. 16]. The Court held the December 7, 2021 hearing, during which the Court raised the issue of whether Plaintiffs' had adequately alleged or demonstrated that personal jurisdiction existed.

## DISCUSSION

To obtain preliminary injunction relief, a plaintiff must show (1) "a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted). Plaintiff ultimately may

---

[1] BUNCH O BALLOONS is a piece of equipment that allows consumers to attach several balloons to a garden hose at once to fill them up quickly.

well be able to satisfy these elements. However, due process requires that before the Court issues injunctive relief against a defendant, the Court must have personal jurisdiction over that defendant. *See CleanSpark, Inc. v. Discover Growth Fund, LLC*, 485 F. Supp. 3d 494, 500 (S.D.N.Y. 2020) ("A district court is 'powerless to proceed' on a motion for preliminary injunction 'in the absence of personal jurisdiction.'" (quoting *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016)).

Plaintiffs have not pleaded a *prima facie* showing, or provided any evidence, that the Defendants are subject to personal jurisdiction in New York. "Specific jurisdiction requires that a defendant 'purposefully avail' itself of 'the privilege of conducting activities within the forum State.'" *Am. Girl, LLC v. Zembrka*, No. 1:21-CV-02372 (MKV), 2021 WL 1699928, at *3 (S.D.N.Y. Apr. 28, 2021) (quoting *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1025, 209 L.Ed.2d 225 (2021)). Evaluating personal jurisdiction first involves an analysis of whether the law of the state, New York's long-arm statute, N.Y. C.P.L.R. § 302, subjects the individual to jurisdiction. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

Plaintiffs have offered two provisions of the New York long arm statute that they say subjects Defendants to jurisdiction here. First, Plaintiffs claim that Defendants have transacted business in New York, which subjects them to personal jurisdiction for claims related to that business. *See* N.Y. C.P.L.R. § 302(a)(1). Second, Plaintiff claims that Defendants' infringement activity is a "tortious act without the state causing injury to person or property within the state." N.Y. C.P.L.R. § 302(a)(3). Neither of Plaintiffs' arguments are availing.[2]

---

[2] Plaintiff also advised the Court at the hearing on December 7, 2021 that Defendants had not yet been served with the Complaint or the Order to Show Cause. This is another independent ground on which to deny Plaintiff's Motion for a Preliminary Injunction. *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 354 (S.D.N.Y. 2018) ("Exercise of personal jurisdiction requires proper service.").

### A. Transaction of Business

N.Y. C.P.L.R. § 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." *Am. Girl*, 2021 WL 1699928, at *4 (quoting N.Y. C.P.L.R. § 302(a)(1)). Courts in this district are split on what specific actions, if any, a defendant must take, in addition to operating a website accessible from New York, to constitute "transacting business in New York" for jurisdictional purposes. *Compare e.g.*, *Poof-Slinky, LLC v. A.S. Plastic Toys Co., Ltd.*, No. 19-cv-9399 (ER), 2020 WL 5350537, at *4 (S.D.N.Y. Sept. 4, 2020) (noting that defendants who did not ship any products to New York are nonetheless subject to jurisdiction because "the offering for sale of even one copy of an allegedly infringing item, even if no sale results, is sufficient to give personal jurisdiction over the alleged infringer" (quotation marks omitted)), *with Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-cv-2897 (JPO), 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) ("[T]he existence of an interactive patently commercial website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York."). However, this Court has held that where a plaintiff "cannot point to a single sale that Defendants made into New York or any action that Defendants took to target their sales activity into this state," no specific personal jurisdiction exists over Defendants. *See Am. Girl*, 2021 WL 1699928, at *5.

Plaintiffs assert that Defendants are subject to specific personal jurisdiction here because "Defendant Internet Stores *allow* for Counterfeit Products to be sold and shipped to addresses in Manhattan." (Pl. Br. at 10) (emphasis added). However, Plaintiffs cannot point to a single sale that Defendants made into New York or any action that Defendants took to target their sales activity into this state. Moreover, Plaintiff's Complaint is devoid of any factual allegations of

actual sales made by Defendants into this district.  Plaintiffs merely provide screenshots of checkout pages for each Defendant Internet Store, reflecting the *ability* to order Counterfeit Products for shipment to Manhattan.  (Dysdale Decl. Ex 2 [ECF No. 12]).  The apparent *ability* to order into New York without more is insufficient to establish personal jurisdiction over Defendants.  *See Am. Girl*, 2021 WL 1699928, at *5.

### B. Tortious Conduct

Plaintiff alternatively bases jurisdiction in this case on Defendants' alleged tortious conduct.  The New York long-arm statute provides that

> a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state, . . . if he . . . [either] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3).

Accepting Plaintiff's allegations as true, Plaintiffs cannot establish that Defendants' infringement caused injury in New York so as to subject the defendants to personal jurisdiction under this prong of the New York long-arm statute.  The New York Court of Appeals has held that the situs of an injury based on copyright infringement occurring over the internet is "the location of the copyright holder."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 302, 946 N.E.2d 159, 162 (2011); *see also Am. Girl*, 2021 WL 1699928, at *7.  Under this controlling law, Plaintiffs fail to allege that Defendants' purported infringement would cause injury in New York.  (*See* Complaint ("Compl.") [ECF No. 1] ¶ 18 ("Plaintiff ZURU (Singapore) PTE., LTD. is a Singapore entity"); ¶ 19 ("Plaintiff ZURU LLC is a limited liability company organized

under the laws of Oregon with offices in El Segundo, California");[3] ¶ 20 ("Plaintiff ZURU INC. is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong")).

Moreover, Plaintiffs have failed to allege injury in New York under traditional tort principles applicable to the New York long-arm statute. "Generally, the situs of a commercial tort injury is 'the place plaintiff lost business.'" *Am. Girl*, 2021 WL 1699928, at *8 (quoting *Penguin Grp.*, 16 N.Y.3d at 305). "To establish loss of business, the plaintiff needs to identify customers who were confused or potentially confused by the infringement." *Id.* However, Plaintiffs have failed to offer any allegations of any New York customers who were confused by the alleged counterfeits or who purchased them.

## CONCLUSION

As described above, Plaintiffs have not established either that Defendants transact business in New York or that jurisdiction over them is appropriate based on a New York injury resulting from their tortious conduct. As such, the Court cannot enter injunctive relief against Defendants. Accordingly, Plaintiffs' Letter Motion to continue the preliminary injunction hearing and to extend the restraints imposed by the Court's Order to Show Cause is DENIED and Plaintiff's Motion for a Preliminary Injunction is DENIED without prejudice.

The Clerk of Court is respectfully requested to close docket entries 9, 13, and 16.

**SO ORDERED.**

**Date:  December 8, 2021**
**New York, NY**

MARY KAY VYSKOCIL
United States District Judge

---

[3] Although "[a] limited liability company is a citizen of every state of which any of its members is a citizen," *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005), Plaintiff does not allege in the Complaint that any member of ZURU LLC is a citizen in this district, (*See* Compl. ¶ 19).