```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURU (SINGAPORE) PTE., LTD; ZURU LLC; ZURU INC., | |
| Plaintiffs, | |
| -against- | 1:21-cv-09817-MKV |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | ORDER |
| Defendants. | |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs initiated this action by filing a complaint on November 23, 2021. [ECF No. 1]. At that same time, Plaintiffs applied for the entry of a temporary restraining order and an order to show cause why a preliminary injunction should not issue. [ECF No. 5]. The Court subsequently granted Plaintiffs' application for a temporary restraining order and issued an order to show cause why a preliminary injunction should not issue. [ECF No. 15]. As part of the Order granting the temporary restraining order, the Court granted Plaintiffs' request for expedited discovery. [ECF No. 15]. Two weeks after entry of the order to show cause, the Court denied without prejudice Plaintiffs' motion for a preliminary injunction on the basis that Plaintiffs had not shown that Defendants were subject to personal jurisdiction in New York. [ECF No. 17].

Several months later, in response to an order to show cause for a failure to timely file proof of service [ECF No. 21], Plaintiffs filed an affidavit of service of summons and complaint, which states that Defendants were served with the summons and complaint on December 21, 2022 in compliance with the Order to Show Cause For Preliminary Injunction and Temporary

Restraining Order entered on November 24, 2021.  [ECF No. 24].  Defendants' responses were due on January 11, 2022.  *See* Fed. R. Civ. P. 12(a)(1)(A).  No responses were filed, and Plaintiff has not prosecuted this case to date.  In the interim, Plaintiffs voluntarily dismissed their claims as against several Defendants.  [ECF Nos. 23, 28].

On March 11, 2022, the Court ordered that any motion for entry of a default judgment as against any remaining defendants shall be filed by April 1, 2022.  [ECF No. 25].

Plaintiffs now seek an extension of the deadline to file any motion for entry of a default judgment as against any remaining defendants.  [ECF No. 29].  They represent that, notwithstanding the Court's order granting expedited discovery, the online marketplace platforms have not provided to Plaintiffs information regarding the location of Defendants' sales of their allegedly infringing products.  [ECF No. 29].  Plaintiffs advise the Court that they have served Rule 45 subpoenas on the online marketplace platforms so that they can obtain the information necessary to determine the location of Defendants' sales.  [ECF No. 29].

Accordingly, Plaintiffs' request for an extension of the deadline for entry of a default judgment as against any remaining defendants is GRANTED.  Any motion for entry of a default judgment as against any remaining defendants shall be filed by April 28, 2022.  Plaintiffs are directed to follow the procedures applicable to default judgments under the Court's Individual Rules and Practices for Civil Cases, available at the Court's website.

Plaintiff is on notice that the Court will not allow this case to drag on.  Absent exceptional circumstances, the Court will not grant any further extensions to the deadline to move for a default judgment.  Plaintiffs were granted expedited discovery almost five months ago.  As such, failure to move for a default judgment by April 28, 2022 may result in dismissal of this action for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

**SO ORDERED.**

**Date:  April 6, 2022**
      **New York, NY**

                                **MARY KAY VYSKOCIL**
                                **United States District Judge**